718 So.2d 971 (1998)
Yosefa ALOMANG, on Behalf of Herself and All Others Similary Situated
v.
FREEPORT-McMORAN, INC. and Freeport-McMoran Copper and Gold, Inc.
No. 97-CA-1349.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1998.
Order Granting Rehearing April 15, 1998.
Writ Denied July 2, 1998.
*972 Martin E. Regan, Jr., Regan & Boshea, New Orleans, for Appellants.
John C. Reynolds, M. Richard Schroeder, Virginia W. Gundlach, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, and John S. Keller, New Orleans, for Appellees.
Before BYRNES, ARMSTRONG and MURRAY, JJ.
BYRNES, Judge.
Plaintiff, Yosefa Alomang, appeals a judgment dismissing her purported class action claim pursuant to the defendants' (Freeport-McMoRan Inc. and Freeport-McMoran Copper and Gold Inc.) exception of lack of subject matter jurisdiction and exception of venue. Other exceptions filed by the defendants were declared moot. The plaintiff moved for a new trial and proposed amendments to the original petition which plaintiff contended cured the jurisdictional deficiencies of her original petition. In an Order rendered on March 11, 1997, the trial court denied the plaintiff's motion for a new trial because:
The object of the demand of plaintiffs' action concerns alleged international human rights violations and foreign environmental damages. These violations and damages, it is claimed, occurred in Indonesia. Although counsel for plaintiff attempts to frame these allegations to fit within the provisions of Articles 2315 and 2316 of the Louisiana Civil Code, this Court holds that it has no subject matter jurisdiction over the allegations made in plaintiffs' Petition and Amended Petition for Damages. [Emphasis added.]
The defendants have not answered the appeal. We reverse and remand.
The question of whether class action procedure is proper in this case is not before this Court.
Although the emphasized language quoted above from the opinion of the trial court creates the impression that the claims of the plaintiff are limited to "human rights violations and foreign environmental damages," plaintiff's actual allegations are far broader. Plaintiff also alleged that members of the purported class have sustained personal injury damages caused by the defendants' mining operations in Indonesia, including "extra judicial killing, torture, surveillance and threat of death, severe physical pain and suffering by and through its security personnel employed ..." The trial court has subject matter jurisdiction over personal injury *973 claims as a class. LSA-C.C.P. art. 2. Personal jurisdiction over the defendants exists by virtue of service of process on the defendants (to which no objection has been made) and the undisputed presence within the jurisdiction of the court of the defendants' primary business office. The fact that under conflict of laws rules the trial court may have to consider the applicability of Indonesian law to the resolution of this case does not deprive the Louisiana court of subject matter jurisdiction. For a Louisiana court to apply the laws of another jurisdiction under conflict of laws principles is not an attempt to apply Louisiana laws extraterritorially.
The defendants contend that the actions complained of, if they occurred, were caused by corporations in which the defendants may have some ownership interest, but which are, nonetheless, separate legal entities. There are no affidavits, documents, or other competent evidence in the record to support this contention. Arguments of counsel, whether oral or in writing in the form of briefs and memoranda, no matter how artful, are not evidence, and argument of counsel is really all the defendants have offered in support of their position.
Defendants suggest in brief that plaintiff's tort claims have prescribed. No exception of prescription was filed below. An exception of prescription may be filed for the first time in this Court. LSA-C.C.P. art. 2163. However, the defendants have not done so. They have only mentioned the issue in their brief. An exception of prescription presented only in argument either orally or by way of memorandum or brief is not sufficient. Rapp v. City of New Orleans, 95-CA-1638 p. 50 (La.App. 4 Cir. 9/18/96); 681 So.2d 433, 457, writ denied 96-2925 (La.1/24/97); 686 So.2d 868.
Avenal v. State, Department of Natural Resources, 95-0863 (La.App. 4 Cir. 11/30/95); 668 So.2d 1150, writ denied 96-0198 (La.1/26/96); 667 So.2d 524, cited by the defendants is a venue case, not a jurisdiction case. Avenal does not support the defendants jurisdictional arguments.
Included in the defendants' declinatory and preemptory exceptions were other contentions. The defendants argued that the Act of State doctrine bars the courts of this state form sitting in judgment on the acts of a foreign government, in this case Indonesia, undertaken within its own territory. The personal injury claims quoted above do not, on their face, require the courts of this state to sit in judgment on the acts of the government of Indonesia.
The defendants also complain that the plaintiff's claim must be dismissed because Indonesia must be joined as a party needed for just adjudication,[1] but it is impossible to do so because of Indonesia's status as an independent country. It is impossible to determine at this stage of the proceedings what the government of Indonesia's potential involvement in this case might be. The only evidence in the record related to this matter is the affidavit of Sri Indrastuti Hadiputranto entitled "Declaration Under 28 U.S.C. S.1746" concerning the existence of a Contract of Work between the Republic of Indonesia and PT Freeport Indonesia Company. However, this affidavit is very general in nature and in no way suggests that the government of Indonesia was involved in the personal injury claims quoted above from the plaintiff's petition.
The terms of the contract are not set forth. A copy of the contract is not in evidence. The affidavit in no way exonerates the defendants from involvement with the allegations made by the plaintiff. The fact that a Contract of Work may exist between the Indonesian government and PT Freeport Indonesia Company is not a denial of the defendants' involvement in the acts complained of by the plaintiff. There is no evidence to support the defendants' claim that their only presence in Indonesia is through entities that have a legal existence separate and apart from that of the defendants.
The plaintiff's petition alleges that the acts complained of were the acts of the defendants. At this stage of the proceedings the record does not contain sufficient information to permit us to conclude otherwise. *974 The affidavit of Sri Indrastuti Hadiputrano was prepared in connection with proceedings in federal district court. We cannot tell from the face of the affidavit whether the Contract of Work referred to therein has any relationship to the work complained of by the plaintiff in the instant case. There are no allegations in that affidavit that specifically establish its relevance to the facts of this case.[2] The affidavit does not state that the operations referred to therein are the same operations that are the subject of this litigation. Therefore, the record does not support the defendants contention that the government of Indonesia is a party needed for a just adjudication.
Assuming that the courts of this state have no subject matter jurisdiction over the issues highlighted in the trial court's order quoted above, the trial court still failed to consider the availability of subject matter jurisdiction over the personal injury allegations made by the plaintiff.
It is true that the plaintiff's petition does reference Louisiana's general tort law and laws of neighborhood, but it does not do so to the exclusion of other remedies if available. The personal injury allegations quoted from plaintiff's petition on the first page of this opinion were not made in connection with any reference to Louisiana law. As indicated at the outset, that would be a choice of law issue, not a jurisdictional issue.
The defendants did not brief the venue issue choosing instead to rely upon their unsubstantiated allegations regarding jurisdiction, especially allegations that the acts complained of, if they occurred, were not the acts of the defendants, but of other separately incorporated entities. Defendants do not deny that their primary corporate headquarters are located at 1615 Poydras St. in New Orleans. The record as presented to this court does not substantiate the holding of the trial court that venue is improper.
Nothing in this opinion is intended to preclude the reconsideration, in whole or in part,[3] by the trial court as the record becomes more fully developed of the issues raised by defendants, if still timely.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED. ON REHEARING GRANTED
This court has granted rehearing in order to reconsider the defendants' exception of prescription which this Court stated in its original opinion had not been raised below. Defendants' application for rehearing directed us to page 48 of the record where we find the following sentence on page 3 of the defendants' "Declinatory and Peremptory Exceptions of Freeport-McMoran Inc. and Freeport-McMoran Copper & Gold Inc.:"
"Further, defendants show that plaintiff's human rights claims are prescribed on the face of the petition. La. Code Civ. Pro. 927(1)."
This is sufficient to raise an exception of prescription. However, as the prescription does not show on the face of the record, and as there is no evidence in the record to support the exception, we reach the same result. Moreover, the exception of prescription concerns only the claims of human rights violations and does not concern the personal injury claims which are the basis of this Courts original opinion. Therefore, we reaffirm the original opinion of this Court denying the defendants' exception of prescription.
The balance of the issues raised by defendants' application for rehearing were adequately addressed in the original opinion.
NOTES
[1] LSA-C.C.P. art. 641 and 642.
[2] For example, the defendants' brief states that:

As the record clearly establishes, the "Freeport mining concession" is operated by P.T. Freeport Indonesia Company ("PT-FI"), which is a separate corporate subsidiary of one of the named defendants, FMCG. R.4, 52-53, 216. PT-FI, an independent limited liability company or Perseroan Terbatas under Indonesian law [footnote omitted], operates the mine pursuant to a Contract of Work ("COW") between it and the Government of Indonesia ("GOI").
[3] See Act 483 of 1997 concerning partial exceptions.