ROLAND L. BELSOME, Judge.
11 This appeal is taken from the trial court’s grant of an exception of unauthorized use of summary proceeding and the dismissal of the appellant’s petition for enforcement of wage claim without prejudice. For the reasons that follow we reverse the trial court’s ruling and render judgment in favor of the appellant.

Facts

Pursuant to a written Employment Agreement, James P. McNamara was employed as the Executive Director of the Greater New Orleans Biosciences Economics Development District (the BioDistrict).[1] The Employment Agreement was executed on July 7, 2010[2] and Mr. McNamara resigned effective December 24,2013.
*61 |Jn accordance with the Employment Agreement, drafted by the Board for-the BioDistrict, Mr. McNamara’s annual salary was to be $165,000.00. The “Term” of employment was established in the Employment Agreement as:
2. TERM. The- Agreement shall become effective upon execution by both parties, and shall remain in full force and effect for a period .of one year, until and unless terminated pursuant to the provisions of this agreement.
2.1. Upon the anniversary date of this Agreement, contingent upon the availability of funding, the Agreement will automatically renew for a period of one year unless either the Employer or Employee provides written notice of their intent to terminate the Agreement within thirty (30) days of the anniversary date of the Agreement or employee is terminated for cause.
The BioDistrict relies on grant funding as its primary revenue source. As grant money was received, Mr. McNamara would receive payment for his oldest outstanding salary. On November 6, 2011, Mr. McNamara reeeivéd his salary1 for the pay period of June 30, 2011 through July 31, 2011. Mr: McNamara continued to work for the BioDistrict until resigning on December 24, 2013, but received no further compensation.
On December 11, 2014, Mr. McNamara filed a petition for enforcement of wage claim in accordance with La. R.S. 23:631. The BioDistrict responded with an exception of no cause of action and an exception of unauthorized use of summary proceeding. The trial court overruled the exception of no cause of action and the exception of unauthorized use of summary proceeding was deferred to the merits. The trial court heard testimony from Mr. McNamara and three- BioDistrict Board members. At the conclusion of the testimony, the trial court requested post hearing briefs. Subsequent to receiving the post-hearing briefs, the trial court | .¡issued its judgment and reasons for judgment granting the exception of unauthorized use of summary proceeding. This appeal followed.

Assignment of Error

On appeal Mr. McNamara argues that the trial court erred in its interpretation of the Employment Agreement, which resulted in the granting of the exception of unauthorized use of summary proceeding and the dismissal of Mr. McNamara’s petition. Thus, the issue on appeal is whether Mr. McNamara’s wage claim was properly asserted under La. R.S. 23:631.

Standard of Review

Where factual findings are pertinent to the interpretation of the Employment Agreement, those factual findings will not to be disturbed unless manifestly erroneous.[3] However, an independent review and examination of the contract on its face, is a question of law and is subject to de novo review.[4]

Discussion

At the hearing, the trial court was presented with the testimony of Mr. McNamara and three Board members, Yvette Jones, John Hope, and Dr. Gene D’Amour. Also submitted to the trial court were exhibits including the Employment Agree- *62 merit, W-2 tax forms issued to Mr. McNamara, minutes from Board meetings, and an accounting of wages paid to Mr. McNamara.
Subsequent to the hearing and after receiving additional briefing, the trial court granted the BioDistrict’s exception of unauthorized use of summary | ¿proceeding. In the trial court’s reasons for judgment, it determined that the Employment Agreement had renewed and Mr. McNamara was an employee until his resignation. However, the trial court further found that the Employment Agreement contained a suspensive condition that rendered Mr. McNamara’s wage claim premature; thus rendering an action under La. R.S. 23:631 improper.[5]
To pursue a wage claim under La. R.S. 23:631, the claimant must be an employee who-is owed wages.[6] Disputing that Mr. McNamara’s status meets the requirements to assert a wage claim, the BioDis-trict contends, as it did in the trial court, that Mr. McNamara’s Employment Agreement did not renew after its first one year term; therefore he was not an émployee but a volunteer to whom no compensation was owed. Alternatively, if compensation was earned it was subject to the “availability of funding,” which did not exist; therefore no compensation was owed. Mr. McNamara disputes each of these assertions,

Employment Status

Regarding the renewal of Mr. McNamara’s employment, we look to the language within the Employment Agreement. As stated previously the “Term” provision provides: “[u]pon the anniversary date of this Agreement, contingent ■ | ¡jupón the availability of funding, the Agreement will automatically renew for a period of one year unless either the Employer or Employee provides written notice of their intent to terminate....” The BioDistrict relies on the phrase “contingent upon the availability of funding” to establish that there was no renewal because there were no funds to pay Mr. McNamara,
In interpreting the “Term” of the Employment Agreement, the trial court'established that “the contract provides that the agreement automatically renews ‘unless’ either party sends written notice of their intent to cancel.” Also, .the trial court found that the additional language regarding the availability of funding did not reference funds on hand, but rather referred to funding being accessible or obtainable. We agree. . Mr. McNamara testified that as long as there was a potential source for funding, liabilities such as his salary would be carried on the Board’s balance sheet *63 until the money was received. Once funds were received his earliest owed but. unpaid pay period would be paid. That testimony was supported by the BioDistrict’s accounting of salary payments made to him, as well as, the Board’s minute entries.
In the absence of any writing terminating the Employment Agreement, we find that it automatically renewed on July 7, 2011, July 7, 2012 and July 7, 2013. Accordingly, since Mr. McNamara was working under an Employment Agreement until the time he resigned, he would be due wages in accordance with that agree ment.

Wages

Likewise, the trial court also determined that the Employment Agreement had automatically renewed, however it took its inquiry further and declared that the |ñEmployment Agreement contained a suspensive condition. Citing to La. C.C. 1767[7], the trial court, found that Mr. McNamara did not have a right to assert his wage claim under the Employment Agreement until the BioDistrict had funds to pay the obligation. We disagree.
Even though all of the testimony and supporting evidence indicated that the BioDistrict could not pay wages to Mr. McNamara until funding was received, the Compensation terms of the Employment Agreement did not place a suspensive condition upon Mr. McNamara’s wages. . The trial court was clearly wrong in its finding that “the contract ■ contains a suspensive condition.... ” The erroneous finding of the suspensive condition was the sole basis for the trial court’s finding of prematurity and its granting of the exception of, the unauthorized use of summary proceeding. The express language of La. R.S. 23:631 provides for the use of summary proceeding for a wage claim against an employer by an employee, even when the wages owed are in dispute.[8] For these reasons we reverse the trial court’s ruling sustaining the exception of unauthorized use of summary proceeding and dismissing Mr. McNamara’s petition.
The BioDistrict attempts to liken the circumstances of this case to that of Snow v. Holistic Health, for the premise that because there were no funds available at the time of Mr. McNamara’s resignation, no compensation is owed.[9] In Show, Holistic Health employed Donald Snow, Jr. pursuant to an employment contract. ^Eventually, Snow resigned in lieu of termination. Thereafter, he instituted a wage claim against Holistic Health. Holistic Health filed a motion for summary judgment that was granted by the trial court. On appeal, Snow maintained that he was owed wages he earned preforming services prior, to his resignation, even though the payments for those services were collected by Holistic Health post-resignation. Relying on the compensation structure of the employment contract the appellate court found that the employment contract provided qualifying and limiting language stating that Snow’s wages were not based on services performed, but on collections received. Further, the appellate court found that the employment contract clearly provided for a termination payment agreement, which was tendered. *64 Thus, Snow was- not entitled to future collections.
. This case is distinguishable because the BioDistrict did not adhere to the, plain language of the Compensation terms of the Employment Agreement.[10], The minutes from BioDistrict’s Board meeting addressing the balance sheet clearly indicates that Mr. McNamara’s salary was being accrued to be paid at a later date. Unlike, Snow, the compensation that Mr. McNamara seeks was accrued during his employment as per the Employment Agreement.
In reversing the trial court’s ruling, we find the record contains sufficient evidence to render an award in favor of Mr. McNamara. Mr. McNamara’s gross salary was $165,000.00 annually, which equates to monthly earnings of $13,750.00. The last pay period he was compensated for was July, 2011. Mr. | RMcNamara continued to work until December 24, 2013; Accordingly, Mr. McNamara is due 29 months of compensation or $398,750.00.

Penalty Wages and Attorney’s Fees

Mr. McNamara has also asserted claims under La. R.S. 23:632.[11] La. R.S. 23:632 provides for the employee to recover penalty wages and attorney’s fees. It is a penalty statute that is to be strictly construed but is subject to equitable defenses.[12] Given reasonable circumstances, this Court can decline to impose penalty wages on an employer. The circumstances of this case cannot support a claim of bad faith or untimeliness. All evidence, including Mr. McNamara’s testimony, supported the fact that there were no funds on hand at the time of his resignation or at the time the trial court held hearings.[13] For these reasons this |9Court does not find that the imposition of wage penalties are warranted or equitable.
However, unlike the penalty wages, attorney’s fees are mandated under La. R.S. *65 23:632.[14] Therefore, the case must be remanded to the trial court for the determination of reasonable attorney’s fees.

Conclusion

In conclusion, this Court reverses the trial court’s May 5, 2015 judgment and renders judgment in favor of James P. McNamara in the amount of $398,750.00 in unpaid wages. The case is remanded for the assessment of reasonable attorney’s fees.
REVERSED, RENDERED, AND REMANDED

. The Greater New Orleans Biosciences Economics Development District was formed by Acts 2005, No. 487, codified at La. R.S. 33:9039.61 et seq. The BioDistrict’s purpose is to develop and cultivate relationships and infrastructure to enhance and expand the biosciences in the district and to increase cooperation among the many entities engaged in research and development, See La. R.S. 33:9039.64.

. The Employment Agreement was executed on July 7, 2010, but recognized that Mr. *61 McNamara’s employment and compensation had originally begun on February' 1, 2010.

. New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey, 09-1433, p. 9 (La.App. 4 Cir. 5/26/10), 40 So.3d 394, 401 (citing Clinkscales v. Columns Rehabilitation and Retirement Center, 08-1312, p. 3 (La.App. 3 Cir. 4/01/09), 6 So.3d 1033, 1035-1036).

. See Id.

. La. R.S. 23:631 reads in pertinent part:
Upon the resignation of any laborer or other employee of any land whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, whichever occurs first.
* , * , ⅜
In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.

. Id.

. La. C.C. Art. 1767 provides in pertinent part:
A conditional obligation is one dependent on an uncertain event.
If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive.

. See La. R.S. 23:631(B).

. 10-1347 (La.App. 1 Cir. 2/11/11), 2011 WL 767065.

. Section 3 of the Employment Agreement addressed Compensation with 3.1 specifically outlining salary as follows:
3.1 Salary. Employer shall pay Employee's gross annual salary during such time Employee is employed. Employee’s salary is presently set at the amount of .$165,000 per year, payable in equal bi-weekly installments. Employee's salary may be increased, from time to time, at the sole discretion of the Employer.

. La. R.S. 23:632 — Liability of employer for failure to pay; attorney fees; good-faith exception reads:
A. Except as provided for in Subsection B of this Section, any employer who fails or. refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
B. When the court finds that an employer’s dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer shall be liable only for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed. If the court . , determines that the employer’s failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to thé penalty provided for in Subsection A of this Section.
C.Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall, have elapsed from time of making the first demand following discharge or resignation.

. Wyatt v. Avoyelles, 01-3180, 02-131, 02-259, p. 15 (La. 12/04/02), 831 So.2d 906, 916-17.

. It was also represented to this Court that, at the time of this appeal, the BioDistrict had no funds on hand.

. See Goulas v. B & B Oilfield Services, Inc., 10-934, 10-1393, p. 15 (La.App. 3 Cir. 8/10/11), 69 So.3d 750, 762.