HENRY W. KINNEY      *      NO. 2023-CA-0611

VERSUS      *

     COURT OF APPEAL

THE BIODISTRICT NEW      *
ORLEANS

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

     * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-11481, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)

Henry W. Kinney
KINNEY & ELLINGHAUSEN
1250 Poydras Street, Suite 2450
New Orleans, LA 70113

     PLAINTIFF/APPELLANT, IN PROPER PERSON

Sharonda R. Williams
SR WILLIAMS CONSULTING L.L.C.
1615 Poydras Street, Suite 900
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

                  **REVERSED AND REMANDED**
                       **JUNE 25, 2024**

This is a Louisiana Open Meetings Law case. Plaintiff/appellant, Henry W. Kinney ("Kinney"), appeals the July 14, 2023 judgment of the district court, which granted an exception of no cause of action in favor of defendant/appellee, the BioDistrict New Orleans (the "BioDistrict"), and dismissed this litigation.[1] For the reasons that follow, we reverse and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The BioDistrict is a political subdivision of the State of Louisiana, which "was formed by Acts 2005, No. 487, codified at La. R.S. 33:9039.61 *et seq.*" *McNamara v. Greater New Orleans Biosciences Econ. Dev. Dist.*, 15-0748, p. 1 (La. App. 4 Cir. 2/3/16), 187 So.3d 59, 60 n. 1; La. R.S. 33:9039.62. Its "purpose is to develop and cultivate relationships and infrastructure to enhance and expand the biosciences in the district and to increase cooperation among the many entities engaged in research and development." *McNamara*, 15-0748, p. 1, 187 So.3d at 60 n. 1 (citing La. R.S. 33:9039.64).

_____

[1] Kinney is an attorney who represents himself in this litigation. The BioDistrict is represented by counsel.

1

This litigation arises out of a November 14, 2022 meeting of the BioDistrict's Board of Commissioners, which Kinney attended in his capacity as a taxpayer in Orleans Parish, and which he claims was closed to the public during executive session, in violation of Louisiana Open Meetings Law. On December 20, 2022, Kinney filed a *Petition to Void Actions Taken at Public Meeting Pursuant to La. Rev. Stat. Ann. §42:24*, in which he alleged the following:

- that the BioDistrict is a state agency subject to Open Meetings Law;

- that a meeting of its board was held on November 14, 2022 pursuant to an agenda;

- that the meeting was closed to the public pursuant to La. R.S. 42:18, a statute that Kinney alleges does not apply to the BioDistrict;

- that the act of closing the meeting violated Open Meetings Law; and

- that the illegal closure of the meeting and any actions taken during the closure of the meeting are voidable under Open Meetings Law.

No agenda, meeting minutes, or other attachments are annexed to the petition. Subsequently, Kinney noticed depositions of the BioDistrict and its board chairperson, which the BioDistrict moved to quash, arguing that the notice of deposition sought information protected by attorney-client privilege, sought to circumvent the court's authority to decide the issues in litigation, and sought to harass the BioDistrict.

Thereafter, on February 7, 2023, the BioDistrict filed an exception of no cause of action. The BioDistrict argued that the actions alleged in the petition are

consistent with Louisiana law. The BioDistrict further complained that Kinney "bombarded the BioDistrict with multiple public records requests seeking volumes of documents" despite Kinney's knowledge that the BioDistrict does not have employees, such that compliance with the requests is overly burdensome for its board chairperson to complete on evenings and weekends. The BioDistrict argued that the agenda properly noticed the executive session, which was notated "if necessary to discuss legal or personal [sic] matters." The BioDistrict further stated that Kinney made public comments threatening to bring litigation against the BioDistrict in connection with the approval of a Cooperative Endeavor Agreement with the City of New Orleans. According to the exception, a "motion was [made] to amend the agenda to state that the executive session was being held pursuant to La. R.S. 42:18(A)(8), which provides that an executive session can be held for '[a]ny other matters provided by law or pursuant to the joint rules of the legislature.'" The BioDistrict argued this statute permits holding an executive session to discuss matters protected by attorney-client privilege. The BioDistrict attached exhibits to its exception, including the meeting agenda and an opinion of the Attorney General, La. Att'y Gen. Op. No. 18-0144 (Jan. 9, 2019), regarding permissibility of executive sessions under another section of Open Meetings Law, La. R.S. 42:17(A)(10).

On June 14, 2023, a hearing was set on both the exception of no cause of

action and motion to quash deposition.[2]  Both parties presented oral argument regarding the exception, and neither party introduced any evidence. Shortly before ruling, the district court asked counsel for the BioDistrict whether any vote was taken in the executive session, to which the BioDistrict's attorney responded "no" and referred the district court judge to the November 14, 2022 meeting minutes, which were attached as an exhibit to the BioDistrict's supplemental memorandum in support of its motion to quash. The district court granted the exception from the bench and indicated that the motion to quash was moot. Thus, the parties did not present arguments on the motion to quash.

On July 14, 2023, the district court rendered judgment, in which it granted the exception of no cause of action, dismissed Kinney's petition, and found the motion to quash moot. This appeal follows.

LAW AND ANALYSIS

Kinney sets forth a single assignment of error, arguing:

> It was in error for the trial court to sustain [an] Exception of No Cause of Action sustaining and permitting illegal closure of an Open Meeting on the basis of an inapplicable statute. The statute in question is only applicable to Legislative bodies. La. Stat. Ann. § 42[:]18.

**Peremptory Exception of No Cause of Action**

The purpose of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the allegations of fact pled in

---

[2] The hearing was held via Zoom teleconference. The district court judge took a break following arguments, after which counsel for the BioDistrict rejoined the Zoom teleconference, but Kinney did not. At that time, the district court judge briefly questioned the BioDistrict's counsel whether any vote was taken in executive session, then stated her oral ruling. Kinney does not assign as error his nonparticipation at the conclusion of the Zoom teleconference.

the petition. *Friel v. Louisiana Citizens Prop. Ins. Corp.*, 11-1032, p. 4 (La. App. 4 Cir. 2/8/12), 85 So.3d 180, 183. The exception must be tried on the face of the petition and, "for purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true." *Id.*, 11-1032, p. 6, 85 So.3d at 184.[3] "[C]ourts 'are not compelled to accept a party's legal conclusions as facts," and legal conclusions asserted in the petition "are not considered well-pled factual allegations for purposes of an exception of no cause of action." *Henderson v. State Farm Mut. Auto. Ins. Co.*, 21-0654, pp. 5-6 (La. App. 4 Cir. 12/17/21), 335 So.3d 349, 353 (citations omitted).

The burden of proving that the petition does not state a cause of action is on the mover. *Petkovich v. Franklin Homes, Inc.*, 21-0448, p. 28 (La. App. 4 Cir. 9/22/22), 349 So.3d 1042, 1062. "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.*, 21-0448, p. 27, 349 So.3d at 1062.

An exception of no cause of action presents a legal question; thus; appellate courts review rulings on exceptions of no cause of action *de novo*. *Henderson*, 21-0654, pp. 4-5, 335 So.3d at 353. The appellate court's "*de novo* review is limited to reviewing the four corners of the petition to determine whether on its face the

---

[3] The facts shown in any documents annexed to the petition must also be accepted as true for the purposes of the exception. *Heine v. Reed*, 09-0869, p. 3 (La. App. 4 Cir. 12/16/09), 28 So.3d 529, 532. While the Code of Civil Procedure does not permit the introduction of any evidence to support or controvert the exception, a jurisprudential exception has emerged, which allows the district court to consider evidence admitted without objection to enlarge the pleadings. *Id.*; *see also* La. C.C.P. art. 931.

petition states a cause of action." *Boyd v. Cebalo*, 15-1085, p. 2 (La. App. 4 Cir. 3/16/16), 191 So.3d 59, 61. Importantly, "our *de novo* review does not take into consideration whether the party will be able to prevail on the merits." *Id.*

**Open Meetings Law**

Article XII, Section 3 of the Louisiana Constitution provides that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." La. Const. art. XII, § 3. "The Louisiana legislature enacted the Open Meetings Law, La. R.S. 42:11, *et seq.*, to ensure that the protections of Article XII, § 3 are fulfilled." *Deep S. Ctr. for Env't Just. v. Council of City of New Orleans*, 19-0774, p. 6 (La. App. 4 Cir. 2/12/20), 292 So.3d 973, 979. "It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." La. R.S. 42:12(A).

The BioDistrict's enabling legislation provides that the BioDistrict "shall be subject to public laws governing political subdivisions generally, including … open meetings law[.]" La. R.S. 33:9039.67. The BioDistrict is a political subdivision of the State of Louisiana. La. R.S. 33:9039.62. " 'Political subdivision' means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." La. Const. art. VI, § 44(2). Open Meetings Law defines the term

6

"public body" to include "state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions[.]" La. R.S. 42:13(A)(3).

Open Meetings Law requires that "[e]very meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:16, 17, or 18." La. R.S. 42:14(A).

Revised Statute 42:16 provides the procedure for a public body to hold an executive session to discuss matters that are exempt from discussion at open meetings:

> A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:19, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:17; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:17 shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of this Chapter.

La. R.S. 42:16.

"Exceptions to open meetings" are listed in La. R.S. 42:17, which states in relevant part:

> A. A public body may hold an executive session pursuant to R.S. 42:16 for one or more of the following reasons:
> …

(2) Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.

…

(10) Or any other matters now provided for or as may be provided for by the legislature.

La. R.S. 42:17(A)(2), (10).

Revised Statute 42:18 is entitled "Executive or closed meetings of legislative houses and committees" and provides a similar listing of matters on which legislative houses and committees may hold executive or closed meetings, including in relevant part:

A. Notwithstanding any contrary provision of R.S. 42:16 and 17, executive or closed meetings may be held by the legislature, either house thereof, or any committee or subcommittee of either house, upon the affirmative vote of at least a majority of the members of the house or the committee or subcommittee thereof making the determination to hold such meeting, for one or more of the following purposes:

…

(3) Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the legislature, either house thereof, or any committee or subcommittee of either house.

…

(8) Any other matters provided by law or pursuant to the joint rules of the legislature.

La. R.S. 42:18(A)(3), (8).

Open Meetings Law provides a mechanism for aggrieved persons to bring "enforcement proceedings." La. R.S. 42:25(C). "Any person who has been denied any right conferred by the provisions of this Chapter or who has reason to believe that the provisions of this Chapter have been violated may institute enforcement

8

proceedings." *Id.* "In any enforcement proceeding the plaintiff may seek and the court may grant" certain enumerated forms of relief, one of which is "[j]udgment rendering the action void as provided in R.S. 42:24. . . ." La. R.S. 42:26(A)(4). Section 42:24 provides that "[a]ny action taken in violation of this Chapter shall be voidable by a court of competent jurisdiction." La. R.S. 42:24.

On appeal, we perform a *de novo* review of the face of the petition to determine whether Kinney has stated a cause of action for which, if his allegations of fact are true, he is afforded a remedy at law. No documents were annexed to Kinney's petition and no evidence was introduced without objection to enlarge the pleadings for the purpose of the hearing on the exception. *See, e.g., Maw Enterprises, L.L.C. v. City of Marksville*, 14-0090, p. 7 (La. 9/3/14), 149 So.3d 210, 215.

Kinney alleges that he attended an open meeting of the BioDistrict's Board of Commissioners, which closed the open meeting to the public for an executive session on improper and inapplicable grounds, particularly La. R.S. 42:18. While courts cannot consider legal conclusions within the petition as "well-pled factual allegations," *Henderson*, 21-0654, pp. 5-6, 335 So.3d at 353, Open Meetings Law explicitly provides a cause of action for enforcement proceedings to "[a]ny person who has been denied any right conferred by the provisions of [Open Meetings Law] or who has reason to believe that the provisions of [Open Meetings Law] have been violated . . . ." La. R.S. 42:25(C). We also acknowledge that La. R.S. 42:18 specifically governs "executive or closed meetings of legislative houses and

9

committees." The BioDistrict as mover on this exception had the burden to demonstrate that La. R.S. 42:18 applies to the BioDistrict's executive sessions or that Open Meetings Law otherwise precludes any relief to Kinney, **while taking the facts pled in Kinney's petition as true**. The BioDistrict failed to meet this burden.

Instead, the BioDistrict impermissibly came forward with additional facts, attempting to pierce the pleadings and defeat Kinney's claim on the merits. The BioDistrict argued that it entered into executive session to discuss only matters protected by attorney-client privilege, which the BioDistrict insists is proper under a separate subsection of Open Meetings Law. *See* La. Att'y Gen. Op. No. 18-0144 (Jan. 9, 2019)(opining that a public body "may enter into executive session under La. R.S. 42:17(A)(10) to discuss possible litigation before a formal written demand is made where that communication is subject to attorney-client privilege under La. Code Evid. art. 506"). The BioDistrict further argued that no vote or action was taken in the executive session, such that there was no action in the meeting for the district court to void. The BioDistrict's injection of competing factual allegations is contrary to the purpose of the exception of no cause of action and unsanctioned under the Code of Civil Procedure.

The district court evidently accepted the BioDistrict's version of facts, instead of those pled in the petition. In reaching its determinations, the district court erred in undertaking fact-finding outside the bounds of the petition rather

than deciding whether the petition's allegations stated a valid cause of action for which the law affords a remedy.

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 12-0220, p. 7 (La. App. 4 Cir. 11/7/12), 105 So.3d 819, 825. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id.*[4] Neither the district court nor this Court can consider whether Kinney "will be able to ultimately prevail on the merits of the trial"; "rather, all well-pleaded facts in the petition are accepted as true for purposes of determining the issues raised by an exception of no cause of action. *See Winstead v. Kenyon*, 15-0470, p. 6 (La. App. 4 Cir. 12/2/15), 182 So.3d 1087, 1091 (citing *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118).[5]

Our Court explained that this exception serves a different procedural function from a trial or a motion for summary judgment:

---

[4] The BioDistrict did not ask the district court or this Court to take judicial notice of publically available copies of the relevant meeting agenda or minutes, which are posted on the BioDistrict's website and are located within this Court's record, but which are not attached to or made a part of the petition. Under certain circumstances, courts may take judicial notice of government websites. *See Johnson v. Sotomayor*, 21-0460, p. 11 (La. App. 4 Cir. 2/2/22), 366 So.3d 173, 181; *see also* La. C.E. art. 201(B). However, "[t]he resolution of material issues of disputed fact by judicial notice is improper." *Caruso v. Chalmette Ref., LLC*, 16-1117, p. 11 (La. App. 4 Cir. 6/28/17), 222 So.3d 859, 866. In the particular posture of this case, on an exception of no cause of action, this Court lacks the authority to resolve factual disputes via judicial notice.

[5] For this reason, the lower court's reliance on *J. Caldarera & Co. v. Ernest N. Morial Exhibition Hall Auth.*, 18-0988 (La. App. 4 Cir. 8/7/19), 369 So.3d 32 is misplaced. *Caldarera* was in a much different procedural posture, specifically, an appeal following a trial, wherein the district court received evidence and made factual determinations, which are not proper functions on consideration of an exception of no cause of action.

> A district court hearing on an exception [of no cause of action] is not the proper procedural tool to determine fact based findings or to make a judgment on the merits. At this juncture of the case, it is not the duty of the district court to determine whether the party can prevail and if so, against whom.

*Friel*, 11-1032, p. 7, 85 So.3d at 184. A district court errs in "consider[ing] facts outside the face of the pleadings, thus allowing [the defendant] to penetrate [the] allegations in [the] petition." *Koch v. Covenant House New Orleans*, 12-0965, p. 4 (La. App. 4 Cir. 2/6/13), 109 So.3d 971, 973. This "is the function of a motion for summary judgment, not that of an exception of no cause of action." *Id.*

In summary, looking at the face of the petition on our *de novo* review, we find that Kinney stated a cause of action for enforcement proceedings under Open Meetings Law. La. R.S. 42:24; La. R.S. 42:25(C); La. R.S. 42:26(A)(4). The cause of action stated warrants a remedy, and the district court erred in looking outside the petition to find otherwise. The district court's judgment granting the exception of no cause of action and dismissing this litigation is reversed.

## CONCLUSION

Accordingly, for the reasons stated in this opinion, we reverse the judgment of the district court, and we remand this matter to the district court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**