DAVID S. GORBATY, Judge.
| plaintiffs, Gregory Larkins, Sr., and Rosalind Larkins, appeal a summary judgment granted in favor Kathleen and James Wilkerson. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
In June of 2002, David Wilkerson, while driving a truck for his employer, Fleming Construction Company, rear-ended a car being driven by Gregory Larkins. Mr. Larkins’ car in turn struck the vehicle in front of him, and that vehicle struck the vehicle in front of it. Mr. Larkins’ allegedly suffered severe and debilitating injuries as a result of the accident.
In January of 2003, Mr. Larkins and his wife, Rosalind, filed suit against David Wilkerson, Fleming Construction Company, St. Paul Mercury Insurance Company and ABC Insurance Company. Mr. Lar-kins alleged that he suffered permanent physical, mental and emotional injuries, and his wife, Rosalind alleged a loss of consortium as a result of her husband’s injuries.
|2At some point between the filing of the original petition and May of 2004, plaintiffs learned that David Wilkerson was a minor at the time of the accident, and subsequently amended their original petition to name his parents, Kathleen and James Wilkerson, and their automobile insurance company, Southern Heritage Insurance Company, as additional defendants.
On November 19, 2004, Gregory and Rosalind Larkins signed a receipt and release for the sole consideration of $850,000.00. This sum was paid on behalf of David Wilkerson, Fleming Construction Company, St. Paul Mercury Insurance Company, and St. Paul Fire and Marine Insurance Company, releasing them from any and all claims related to the subject automobile accident. The receipt and release further stated:
It is further stipulated and agreed to by the undersigned that this RELEASE expresses a full and complete COMPROMISE AND SETTLEMENT of all claims asserted against DAVID WILKERSON, FLEMING CONSTRUCTION COMPANY, INC., ST. PAUL MERCURY INSURANCE COMPANY and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, in the litigation entitled “GREGORY MICHAEL LARKINS, SR., and ROSALIND LAR-KINS versus DAVID WILKERSON CONSTRUCTION, FLEMING CONSTRUCTION COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, AND ABC INSURANCE COMPANY, Number 2003-1308 on the docket of Division “H” of the Civil District Court for the Parish of Orleans, State of Louisiana, regardless of the adequacy of the aforesaid payments made and the undersigned DIRECT AND AUTHORIZE THEIR COUNSEL TO DISMISS SAID SUIT WITH PREJUDICE, and that this payment and the acceptance of this release shall not operate as an admission of liability on the part of anyone, nor as an estoppel, waiver or bar with respect to any claim the parties released *69 may have against the undersigned or third-parties.
| ^Following the signing of the above, plaintiffs and the defendants named in the receipt and release filed a Joint Limited Motion and Order of Dismissal in the trial court. The pleading requested an order dismissing the original and all supplemental and amending- petitions. However, the same pleading also sought to reserve any rights and claims plaintiffs may have had against Kathleen and James Wilkerson and them insurance company. The order was signed February 2, 2004.
Shortly thereafter, Southern Heritage Insurance Company moved for summary judgment arguing that because David Wilkerson was in the course and scope of his employment at the time of the accident, the policy issued to Kathleen and James Wilkerson excluded coverage for the accident because the vehicle being driven by them son David was not covered under the policy. Southern Heritage also argued that if it should be decided that David was covered under his parents’ policy, the business use exclusion would apply.
Private defense counsel for Kathleen and James Wilkerson also moved for summary judgment arguing that they could not be held liable for their son’s negligence because he was in the course and scope of his employment at the time of the accident. The parents’ also argued in a post-hearing memorandum allowed by the trial court[1] that because plaintiffs had settled their claim against David, the tortfeasor, plaintiffs no longer had a right to proceed against them.
The trial court granted Southern Heritage’s summary judgment in December of 2004, but reserved judgment on the Wilk-ersons’ motion. In February of 2005, |4the trial court granted summary judgment in favor of the Wilkersons. This action by the trial court effectively dismissed all claims against all defendants.
Plaintiffs timely filed a writ application with this Court seeking reversal of the Wilkersons’ summary judgment. However, this Court refused to consider the application because the subject judgment was a final, appealable judgment. This Court converted the writ application to a devolutive appeal and remanded the case to the trial court in accordance with La. Code Civ. Proc. art. 2225, et seq.
Plaintiffs filed a motion and order for appeal in the trial court which was signed on August 5, 2005. Rather than designating a return date, the trial court simply provided that the return be made in accordance with the law. The order never reached this Court prior to Hurricane Katrina on August 29, 2005. On March 12, 2008, plaintiffs filed a motion to have a return date set. The appeal was lodged in this Court on May 8, 2008.
STANDARD OF REVIEW:
Louisiana Code of Civil Procedure art. 966 B provides that summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Subpart C(2) provides that:
[t]he burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not *70 require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his |r,evidentiary burden of proof at trial, there is no genuine issue of material fact.
La.Code Civ. Proc. art. 966 C(2).
A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Wright v. Louisiana Power & Light, 06-1181, p. 17 (La.3/9/07), 951 So.2d 1058, 1070.
LAW AND ANALYSIS:
In their sole assignment of error, plaintiffs argue that the trial court erred in granting the summary judgment in favor of the Wilkersons.
Plaintiffs argue that there is an issue of material fact as to whether the Wilkersons are liable for the damage caused by them minor son David. They cite to La. Civ. Code art. 237 which provides: “Fathers and mothers are answerable for the offense and quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.” They also cite to La. Civ.Code art. 2318 which provides: “The father and the mother ... are responsible for the damage occasioned by their minor ... children.... ” Plaintiffs also cite to numerous cases that uphold the above principles.
Defendants counter that the Wilkersons cannot remain liable for their son’s negligence because plaintiffs’ released David Wilkerson from the lawsuit, dismissing all claims of negligence against him. Defendants point to the First Supplemental and Amending Petition for Damages wherein plaintiffs alleged that Kathleen Wilkerson is “legally responsible for his [David Wilkerson’s] acts of | f,negligence.” The exact same language is used to name James Wilkerson as a defendant. No independent acts of negligence are alleged against the parents. Thus, there remain no legal bases for the plaintiffs to allege any personal liability against Kathleen and James Wilkerson.
Plaintiffs argue that their settlement with David Wilkerson (via the receipt and release referred to herein), does not bar recovery against his parents. They cite to Sumrall v. Bickham, 03-1252 (La.App. 1 Cir. 9/8/04), 887 So.2d 73, in support. After reviewing Sumrall, we find it inappo-site to the issues herein. In that case, the issue was whether the insurer remained potentially liable after the release of the tortfeasor, i.e., the minor’s father. The First Circuit decided that the case against the insurance company remained viable based on the direct action statute. That is not the issue presented here.
In this case, the Wilkersons’ insurance company has already been dismissed via summary judgment. That judgment was not appealed and is final. The only potential liability of the Wilkersons arises from their son David’s negligence. David has been released from any liability vis-a-vis the receipt and release; therefore, there is no negligence remaining for which the Wilkersons can be held vicariously liable.
CONCLUSION:
For the above reasons, we affirm the judgment of the trial court dismissing the *71 claims against Kathleen and James Wilkerson, with prejudice.
AFFIRMED.
LOVE, J., dissents and assigns reasons.

. The Wilkersons did not learn of the receipt and release until after their motion for summary judgment was filed. At the hearing, the trial court allowed supplemental memoranda to address the receipt and release.