Judge Terrel J. Broussard, Pro Tempore
h Chalmette Refining, L.L.C., and Eaton Corporation appeal the district court’s amended judgment of June 17, 2016, which arose out of a June 15, 2015 bench trial. The trial was held to determine an award of cleaning cost damages in. this class action proceeding.[1] For the reasons herein, we reverse the judgment of the district court.
Facts and Procedural History
This niatter arose out of an industrial accident which occurred at Chalmette Refining’s St. Bernard facility. Because of problems with some electrical equipment manufactured by Eaton, the refinery’s fluid catalytic cracker unit was forced into an emergency shutdown. As a result of the emergency shutdown, nineteen tons of regenerated catalyst was released from the cracker unit’s stack during the early morning hours of September 6, 2010.[2] The catalyst exited the cracker unit’s stack at a height of 342.71 feet, with a velocity of 31.76 miles per hour, and at' a temperature of 145° Fahrenheit. Winds deposited dust from the | {.catalyst plume over a considerable portion of St. Bernard Parish and Orleans Parish’s lower ninth ward.
In response to the accident, Chalmette Refining issued a public notice that persons with claims or concerns about the catalyst dust release could call a toll-free telephone number to get information *862 and/or make a claim. Chalmette Refining, accordingly, hired Crawford & Co. to adjust claims and investigate complaints related to the catalyst dust release. Shortly thereafter, Crawford began to contact those individuals making claims. Between the time of the public notice and October 11, 2010, Chalmette Refining responded to numerous claims for dust cleanup. Specifically, it arranged for the pressure washing of 130 structures and paid 1,330 claims for the exterior cleaning of 1,445 structures. Chalmette Refining also paid 1,241 claimants to wash 1,883 automobiles, and arranged for the individual cleaning of 136 additional vehicles.
In response to the incident, plaintiff Audrey Raymond filed a petition for damages in Civil District Court for Orleans Parish on September 8, 2010, which was subsequently amended to add class allegations. Plaintiffs Vincent Caruso, Jr. and Karen Reynolds filed a class action petition in St. Bernard Parish on September 2, 2011. Ms. Raymond’s claims were transferred from Orleans Parish to St. Bernard Parish and consolidated. Mr. Caruso, Ms. Raymond, and Ms. Reynolds all continued as plaintiffs; and each serves as a class representative. After the class representatives filed a motion for class certification, but prior to the Iscertification hearing, the parties narrowed the issues by entering into several stipulations. First, the parties stipulated as to the class’ geographic boundaries:
The class shall be defined geographically as the area that is bounded on the south by the northern bank of the Mississippi River, on the east by the center line of Louisiana Highway 47 (commonly referred to as Paris Road), on the north by the southern boundary of the marsh located south of Bayou Bienvenue, and on the west by the eastern bank of the Inner Harbor Navigation Canal (more commonly known as the Industrial Canal).
Additionally, the parties stipulated that class certification would not be sought in this proceeding to adjudicate any claims for personal injuries. This matter, accordingly, is limited solely to claims for property damages. The' district judge eventually granted the class representatives’ motion and certified the class on September 27, 2013 as defined as:
Louisiana residents who lived or owned property located in the Parishes of St. Bernard and Orleans within a geographic area stipulated to by the parties and whose property, moveable and/or immovable, was impacted and/or contaminated as a result of the subject spent catalyst release from Chalmette Refining, L.L.C. facility on or about September 6, 2010 and who suffered property damage and/or were required to clean their properties due to the release.
Following class certification, the parties again entered into several stipulations. First, the appellants stipulated that they would be “solidarily liable for any award of property damages to plaintiff Vincent Caruso, Jr., Audrey Raymond and/or Karen Reynolds at the Trial and/or to any class members/plaintiffs in any subsequent trials or adjudications, as a result of the September 6, 2010 catalyst release.” Next, the class representatives, individually and on behalf of other class members, entered into three stipulations. First, they stipulated that none of them is claiming permanent damage to any property as a result of the September 6, 2010 Rcatalyst release. They next stipulated that none of them is claiming any damage to the exterior or interior finishes of their residences, other buildings or automobiles (excluding any required cleaning) as a result of the September 6, 2010 catalyst release. Lastly, they stipulated that none of them is claim *863 ing any damage to their HVAC systems or any component thereof as a result of the September 6,2010 catalyst release.
The class representatives subsequently filed a motion for Partial Summary Judgment as to liability on March 13, 2015. After hearing oral argument from the parties on April 16, 2015, the district judge took the matter, under advisement. In a judgment issued on May 12, 2016, the district judge, in granting the motion, reasoned that:
“.. .the combination of the class definition as defined by this Court on September 27, 2013 and the stipulation of [defendants’ solidary] liability entered into the record on February 19, 2015 establish that members of the putative class within the geographical area suffered damage as a result of the catalyst discharge of a non-permanent nature which includes the cost of cleaning affected property, bud did not suffer personal injury, damage to car paint and/or air condition units.”
The district judge, additionally, ruled that the “degree of said damage is reserved for trial of respective representative members of the class for the purpose of creating subclasses for damage evaluation.” In the accompanying reasons for judgment the district judge clarified the issues to be tried in the future: “As previously set forth the Court reserved the ability to further delineate damages within the class based upon the proof of the extent of damages and costs to remediate said damages. The causal relationship need not be established except to |sdetermine the amount of compensation for the damage suffered.” No party sought appellate review of the district judge’s May 12, 2016 judgment. It is, accordingly, now final. See Larkins v. David Wilkerson Construction, 08-0576, p. 6 (La. App. 4 Cir. 12/17/08), 3 So.3d 67, 70.
Prior to the damages trial, the parties again entered into a series of stipulations concerning background factual and eviden-tiary issues. Notably, the class representatives stipulated that none of them is making a claim for future damages as a result of the September 6, 2010 catalyst release.
The class representatives then tried their case for damages before the bench on June 15, 2015. After taking evidence and considering the matter the district judge ruled in favor of the class representatives. The judgment concluded that the plaintiffs “suffered damages as a result of the catalyst released on September 6, 2010” and set cleaning expenses. With regards to cleaning costs associated with exterior house cleaning, the district judge ordered the following assessment:
1) A house with less than 2,000 square feet of living space shall receive $300.00 in cleaning expenses;
2) A house with 2,000-3,000 square feet of living space shall receive $400.00 in cleaning expenses
3) A house with more than 3,000 square feet of living space shall receive $500.00 in cleaning expenses.
As respects cleaning costs associated with interior house cleaning, the district judge ordered the following assessment:
1) A house with less than 2,000 square feet of living space shall receive $100.00 in cleaning expenses;
2) A house with 2,000-3,000 square feet of living space shall receive $125.00 in cleaning expenses
3) A house with more than 3,000 square feet of living space shall receive $150.00 in cleaning expenses.
| (¡Lastly, the district judge awarded $75.00 per vehicle for motor vehicle cleaning expenses. With those assessments in mind, the district judge made the following award s for cleaning expenses: Mr. Caruso *864 $1,275.00, Ms. Raymond $600.00, and Ms. Reynolds $1,525.00 for cleaning expenses. And the district judge ordered that the appellants are solidarity hable for all of the plaintiffs’ damages. The district judge additionally ordered that “all class members who after notice and receipt of a proof of loss form indicates that they took no action to clean or remove the catalyst, then the award shall be $75.00 for exterior, $25.00 for interior and $25.00 for each vehicle.”
The appellants timely brought motions for new trial concerning damages awarded to Mr. Caruso. On June 17, 2016, the district judge granted in part the motion, vacated the April 12, 2016 judgment, and issued a new judgment that reduced Mr. Caruso’s damages from $1,275.00 to $850.00. The June 17, 2016 judgment was, in all other respects, identical to the April 12, 2016 judgment. Appellants then timely sought a devolutive appeal from the amended June 17, 2016 judgment.
In the June 17, 2016 amended judgment, the district judge created an assessment of cleaning costs that he then applied to the class representatives’ claims for cleaning costs and to those claims put forward by class members who submitted proof of loss forms, yet indicated they took no steps to clean their property. The appellants contend that the June 17, 2016 award of cleaning costs must be reversed because it is not based on competent evidence. In this case, the 17district judge’s basis for making damage assessment was grounded solely upon the taking of judicial notice as to the amounts for “generally accepted cleaning expenses.” See La. C.E. art. 201, (providing for judicial notice of adjudicative facts generally). Because judges are prohibited from taking judicial notice of material issues of disputed fact and because the amount to be awarded as cleaning costs is at the very heart of the present dispute, the appellants argue that the district judge erred by taking judicial notice of cleaning cost expenses in this case. We agree. The jurisprudence clearly provides that judges may not take notice of material issues of disputed facts. And, our review of the record reveals that the plaintiffs failed to introduce any other competent evidence on which to base an award of cleaning costs. Given this dearth of evidence, it is clear that the June 17, 2016 judgment is not supported by substantial or competent evidence. We, accordingly, reverse the district court’s June 17, 2016 judgment. We now explain our rationale in greater detail.
Assignments of Error
On appeal, the appellants urge us to reverse the district judge’s June 17, 2016 judgment because it is not based upon substantive competent evidence. In so urging, they make several arguments. They first assert that the June 17, 2016 judgment should be reversed because: 1) plaintiffs failed to submit documentary evidence to prove entitlement to cleaning expenses; 2) the base award of damages is based upon the improper use of judicial notice of a disputed fact; 3) it is legal error to award damages to claimants who failed to prove that they suffered |sdamages; and, 4) the damage schedule is erroneous to the extent it awards damages to all potential plaintiffs when each is obligated by La. C.C. Pro. arts. 591 C and 592 E(5) of the La. C.C. Proc. to prove his damages with individual proof of loss.[3]
Having reviewed the record in light of the parties’ arguments, we observe that we must reverse the June 17, 2016 judgment. Simply put, the appellants correctly *865 point out that the judgment is not based upon competent evidence. As the district judge’s reasons for judgment illustrate, the fundamental assessment of cleaning costs is based entirely upon the district judge’s taking judicial notice of generally accepted basic cleaning expenses:
“There was no evidence presented of typical expenses to clean the interior of homes, other than testimony of the representative plaintiffs as to the amount of time it took them to clean the exterior of their homes. The Court therefore takes judicial notice of generally accepted basic cleaning expenses and in its sound discretion formulated a damage assessment.”
As we will explain, however, the district judge improperly took judicial notice of what in this case is a disputed judicial fact. And our review of the record supports the district judge’s conclusion that none of the plaintiffs introduced any documentary evidence to prove their claimed cleaning expenses. The June 17, 2016 judgment’s base damage assessment was not based upon competent evidence, and therefore it must be reversed. The remainder of the awards in the June 17, 2016 judgment must likewise be reversed because they too are based upon the | gfígures set out in the base damage assessment.[4] We now explain our rationale in more detail.
The issues in this case implicate the law regarding proof of damages. Simply put, for a plaintiff to recover damages he must first prove his case. See Burse v. Allstate Ins., 00-1896, p. 3 (La. App. 5 Cir. 3/28/01), 783 So.2d 648, 651. Following on this principle, a plaintiff also bears the burden of proving each and every element of damage claimed. See Perez v. State Through Dep’t of Transp. & Dev., 578 So.2d 1199, 1206 (La. App. 4 Cir. 1991). The present dispute is concerned entirely with awards for property cleaning costs. We have previously held that property cleaning costs constitute special damages. See Ganheart v. Executive House Apartments, 95-1278, p. 5 (La. App. 4 Cir. 2/15/96), 671 So.2d 525, 528. Special damages are those which have a “ready market value,” such that the amount of the damages theoretically may be determined with relative certainty. Kaiser v. Hardin, 06-2092, p. 11 (La. 4/11/07), 953 So.2d 802, 810.
In reviewing a trier of fact’s factual conclusions with regard to special damages, an appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court’s conclusions, and the finding must be clearly wrong. See Kaiser, 06-2092, p. 12, 953 So.2d at 810. In other words, we apply the well-known manifest error/clearly wrong standard of review when confronted with a challenge to an award of special | indamages.[5] Therefore, we now turn to a discussion of whether the judge’s award of special damages was based on manifestly erroneous factual findings.
The awards of “generally accepted basic cleaning expenses” in this matter are based entirely upon assessments derived from the exercise of judicial notice. The *866 judicial notice of adjudicative facts is governed by Article 201 of the Louisiana Code of Evidence. An adjudicative fact is a fact normally determined by the trier of fact. See La. C.E. art. 201 A. A court may take judicial notice of adjudicative facts, whether requested or not. La. C.E. art. 201 C. A party may request a court to take judicial notice of an adjudicative fact at any stage of the proceeding. La. C.E. art. 201 F. Article 201 D compels a court to take judicial notice upon l'equest “if supplied with the information necessary for the court to determine that there is no reasonable dispute as to the fact.” La. C.E. art. 201 D. Whether the notice is occasioned by the court on its own motion, or by a party, a “party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior opportunity to be heard, the request may be made after judicial notice has been taken.”[6] La. C.E. art. 201 E.
| n Importantly, Article 201 B provides that “[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) Generally known within the territorial jurisdiction of the trial court; or (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.” Pursuant to this article, courts may properly take judicial notice only of facts that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence. See Perez v. Evenstar, Inc., 12-0941, p. 11 (La. App. 4 Cir. 1/30/13), 108 So.3d 898, 905. Disputed facts, however, “are not in the same vein as the laws of nature, geographic and historical facts, time, laws and other matters of common knowledge.” Elliott v. U.S. Fid. & Guar. Co., 568 So.2d 155, 158 (La. App. 2 Cir. 1990). A finder of fact may not consider evidence outside the record in making its findings. See Weatherly v. Optimum Asset Mgmt., Inc., 04-2734, p. 5 (La. App. 1 Cir. 12/22/05), 928 So.2d 118, 121. “The resolution of material issues of disputed fact by judicial notice is improper.” Brown v. Rudy Smith Serv., Inc., 441 So.2d 409, 413 (La. App. 4 Cir. 1983). See also Elliott, 568 So.2d at 158.
In this case, the underlying trial was focused upon the plaintiffs’ burden of proving their entitlement to damages for cleaning expenses. By resorting to Article 201 of the Code of Evidence to meet the plaintiffs’ burden of establishing the cost of generally accepted basic cleaning expenses, the district judge took judicial notice of the fact that was at the very heart of the dispute—the cost of cleaning supplies. Moreover, there is nothing in the record before us to suggest that the | iaprice of generally accepted basic cleaning expenses is either generally known within the territorial jurisdiction of the trial court, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Quite simply, the district judge erred by taking judicial notice of the cost of generally accepted basic cleaning supplies. Judicial notice cannot be employed to resolve disputed issues of fact that otherwise should be resolved by trial.
*867 Having reviewed the record it is clear to us that, absent the taking of judicial notice, no competent evidence supports the district judge’s cleaning costs award. The three representative plaintiffs testified at trial and by way of deposition. While each representative discussed the nature of the catalyst, how it covered their properties, and how long it took them to clean the catalyst off their properties, none of the three presented any evidence as to the amounts of money expended by them to clean their properties. Accordingly, the judgment’s award for cleaning costs is not supported by competent evidence and must be reversed.
“In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.” La. Civil Code art. 2324.1. However, “[s]peculation, guessing, or a mere possibility is insufficient to sustain a finding of fact or an award.” Iles v. Ogden, 09-0820, p. 39 (La. App. 4 Cir. 2/26/10), 37 So.3d 427, 452. Therefore, “[s]peculative damage awards without a basis of detail or specificity are not permitted.” Overton v. Shell Oil Co., 05-1001, p. 19 (La. App. 4 Cir. 7/19/06), 937 So.2d 404, 416. Similarly, a plaintiff’s burden must be borne by competent evidence showing the extent of the damages and a plaintiffs own uncorroborated personal estimate of loss alone is insufficient to carry his burden. See Tudor Chateau Creole Apartments P’ship v. D.A. Exterminating Co., Inc., 96-0951, p. 8 (La. App. 1 Cir. 2/14/97), 691 So.2d 1259, 1264. It is true that when a party has suffered damages but cannot establish them with legal certainty, the courts have discretion to fix the amounts thereof. The latter rule has no application when the damages sought are easily proven, but such proof is not forthcoming. See Banner Chevrolet, Inc. v. Kelt, 402 So.2d 747, 752 (La. App. 4 Cir. 1981).
No proof in this case was submitted by the representative plaintiffs as to their incurred cleaning expenses. The district judge’s award of cleaning expenses, therefore, lacked a reasonable factual basis and was clearly wrong. We must, therefore, reverse the June 17, 2016 award of cleaning expenses because the class representatives “simply failed to introduce sufficient and competent evidence upon which the trial judge could reliably base a damage award.” Freeman v. G. T. S. Corp., 363 So.2d 1247, 1251 (La. App. 4 Cir. 1978).
DECREE
We reverse the district court’s judgment of June 17, 2016 in favor of plaintiffs Vincent Caruso, Jr., Audrey Raymond and/or Karen Reynolds, individually and as class representatives, and against Eaton Corporation and Chalmette Refining, L.L.C.
REVERSED

. Chalmette Refining and Eaton put forward identical positions on appeal. Accordingly, unless otherwise noted, both defendants will be referred to jointly as appellants.

, Catalyst is used to assist in refining hydrocarbons in the refinery’s cracker unit.

. With respect to this last assignment, the appellants argue that they have a constitutional due process right to present defenses to each individual plaintiffs damage claim and that class action procedures should not be utilized to take away these rights.

. Because we reverse the judgment entirely upon this basis, we pretermit discussion of the appellants’ remaining assignments of error.

. The manifest error standard of review also applies to mixed questions of law and fact, See Bates v. City of New Orleans, 13-1153, 13-1157, p. 7 (La. App. 4 Cir. 3/26/14), 137 So.3d 774, 780. We further note that when reviewing questions of law we are simply to determine whether the trial court was legally correct or incorrect. See Goodrich Petroleum Co., LLC v. MRC Energy Co., 13-1435, p. 13 (La. App. 4 Cir. 4/16/14), 137 So.3d 200, 207.

. If the court is proposing to take notice of an adjudicative fact in jury trial instructions, "the court shall inform the parties before closing arguments begin.” "Time of taking notice. A party may request judicial notice at any stage of the proceeding but shall not do so in the hearing of a jury. Before taking judicial notice of a matter in its instructions to the jury, the court shall inform the parties before closing arguments begin.” La. C.E. art 201(F). This is so because, in civil cases, the court "shall instruct the jury to accept as conclusive any fact judicially noticed." La. C.E. art. 201 G.