# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #048

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **24th day of October, 2025** are as follows:

**BY Griffin, J.:**

2025-OK-00024    STATE OF LOUISIANA   VS.   DALE DWAYNE CRAIG (Parish of East Baton Rouge)

REVERSED AND REMANDED TO THE COURT OF APPEAL. SEE OPINION.

Retired Judge John D. Crigler appointed Justice ad hoc, sitting for Guidry, J., recused.

Weimer, C.J., dissents and assigns reasons.
Crain, J., additionally concurs for the reasons assigned by Justice Cole.
McCallum, J., additionally concurs for the reasons assigned by Justice Cole.
Cole, J., additionally concurs and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2025-OK-00024

## STATE OF LOUISIANA

## VS.

## DALE DWAYNE CRAIG

*On Writ of Certiorari to the Court of Appeal, First Circuit,*
*Parish of East Baton Rouge*

**GRIFFIN, J.***

We granted this writ to determine whether the State has the right to appeal a trial court's ruling on retroactive parole eligibility determinations and the resentencing of juvenile homicide offenders resulting therefrom. Finding the State has a right to appeal in this limited context, we reverse the court of appeal's dismissal and remand the matter to it for consideration on the merits.

## FACTS AND PROCEDURAL HISTORY

Defendant Dale Dwayne Craig was convicted and sentenced to death in 1994 for the murder of Kipp Gullet. The defendant's conviction and sentence were affirmed on direct appeal. *State v. Craig*, 95-2499 (La. 5/20/97), 699 So.2d 865. Because he was a juvenile at the time of the offense, the defendant's sentence was subsequently reduced to life imprisonment without the possibility of parole under *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed. 1 (2005).

In *Miller v. Alabama*, the United States Supreme Court held mandatory sentences of life imprisonment without the possibility of parole for juveniles unconstitutional and required "that a sentencer follow a certain process – considering an offender's youth and attendant characteristics – before imposing" a life without

---

* Retired Judge John D. Crigler, appointed Justice ad hoc, sitting for Guidry, J., recused.

parole sentence. 567 U.S. 460, 483, 132 S.Ct. 2455, 2471, 183 L.Ed.2d 407 (2012). The United States Supreme Court later determined *Miller* announced a substantive constitutional rule that applied retroactively. *Montgomery v. Louisiana*, 577 U.S. 190, 206, 136 S.Ct. 718, 732, 193 L.Ed.2d 599 (2016). The Louisiana legislature enacted (and later amended) La. C.Cr.P. art. 878.1 in response to the holdings of *Miller* and *Montgomery*.[1]

The defendant, whose life sentence was imposed prior to *Miller* and *Montgomery*, was entitled to a hearing to determine his parole eligibility when the State timely filed its notice of intent to seek a life without parole sentence. The trial court conducted a *Montgomery* hearing wherein it determined the defendant was eligible for parole and resentenced the defendant accordingly.[2] The State appealed arguing the trial court abused its discretion by misapplying the governing statutory scheme and improperly weighing the evidence presented. Upon motion by the defendant, the court of appeal dismissed the State's appeal for lack of jurisdiction.

The State's writ application to this Court followed, which we granted. *State v. Craig*, 25-0024 (La. 4/15/25), 406 So.3d 507.

---

[1] Article 878.1 was originally enacted by Acts 2013, No. 239, § 2 and subsequently amended by Acts 2017, No. 277, §2 in the wake of *Montgomery*.

[2] We refer to a "*Montgomery* hearing" as one conducted under La. C.Cr.P. art. 878.1(B)(1) which provides:

> If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.

## DISCUSSION

The dispositive issue before this Court is whether the court of appeal erred in dismissing the State's appeal of the trial court's ruling on the retroactive parole eligibility determination and resentencing of the defendant.[3] Whether an appeal is properly dismissed for lack of jurisdiction is a question of law subject to *de novo* review. *Cf. U.S. Fire Ins. Co. v. Swann*, 424 So.2d 240, 244 (La. 1982) (observing an appeal "should be maintained unless a legal ground for dismissal is clearly shown"). Similarly, statutory interpretation presents a question of law which this Court reviews *de novo*. *See State v. Diano*, 24-0888, p. 4 (La. 3/21/25), 403 So.3d 530, 533-34.

Article 912 of the Louisiana Code of Criminal Procedure provides for which judgments or rulings are appealable in criminal proceedings. "Only a final judgment or ruling is appealable." La. C.Cr.P. art. 912(A). Beyond this threshold requirement, Subsection B prohibits the State from appealing a verdict of acquittal. The article then lists instances of adverse judgments or rulings from which the State may appeal but further notes the State's ability to appeal is not limited to these enumerated instances. La. C.Cr.P. art. 912(B).

The defendant argues the court of appeal – contrasting the provisions of La. C.Cr.P. art. 912(B) and (C) – correctly reasoned that had the legislature intended to allow both a defendant and the State to appeal from a judgment which imposes a sentence, it would have drafted the statute accordingly. *See State v. Craig*, 23-1296,

---

[3] We grant the defendant's motion to strike the supplemental letters filed by the State. The information and argument in the supplemental letters are irrelevant to the issue presently before this Court. Accordingly, the motion to strike is granted and the State's original supplemental letter and its letter in response to the motion to strike are hereby stricken from the record.

We deny defendant's motion to disqualify the Attorney General from participating in the defendant's parole application proceeding based on a purported conflict and professional/ethical violations arising from that role and the Attorney General's representation of the State in this matter. The Attorney General's role with the parole committee is expressly sanctioned by the legislature. *See* La. R.S. 15:574.2 ("district attorney and the attorney general shall be allowed to present testimony to the committee on parole and submit information relevant to the proceedings").

3

p. 7 (La.App. 1 Cir. 11/4/24), 2024 WL 4661804 at *3. The court of appeal further reasoned the more specific statute addressing appellate review of sentences, La. C.Cr.P. art. 881.2, is controlling and limits the instances wherein the State has the right to appeal a sentence. *Craig*, 23-1296, p. 7, 2024 WL 4661804 at *4. The State counters that La. C.Cr.P. art. 912 expressly states the list of judgments it has the right to appeal is not exclusive. The State further avers this is supported by the Official Revision Comment recognizing that courts have the authority to allow the State to appeal final judgments not specifically included in La. C.Cr.P. art. 912(B) if the finality requirement is met. We agree.

The State has the right to appeal a trial court's ruling on retroactive parole eligibility determinations and the resultant resentencing of juvenile homicide offenders conducted under La. C.Cr.P. art. 878.1(B)(1). The plain language of La. C.Cr.P. 912(B) expressly states the judgments or rulings from which the State may appeal "are not limited" to those instances enumerated therein. As explained in Official Revision Comment (a), "in the event an appealable judgment or ruling is not listed in this article, *the court has the discretion and the power to allow an appeal if the basic test of finality is satisfied.*" [Emphasis added.] The legislature has therefore empowered courts to allow an appeal provided that the underlying judgment sought to be appealed from meets the test of finality.[4] A final judgment is one which puts an end to the proceedings. *State v. Quinones*, 94-0436, p. 3 (La.App. 5 Cir. 11/29/94), 646 So.2d 1216, 1217. A trial court's ruling from a *Montgomery* hearing, conducted under La. C.Cr.P. art. 878.1(B)(1), is a final judgment as it is a

---

[4] The remaining comments illustrate numerous provisions of La. C.Cr.P. art. 912 derive from prior decisions of this Court. *See also State v. Gillis*, 07-1909, p. 3 (La.App. 1 Cir. 3/26/08), 985 So.2d 745, 746 (recognizing the state's right to appeal from a *Crosby* plea entered into by defendant therein without agreement by the State).

The court of appeal declined to read into the article a right for the State to appeal which did not otherwise exist – perhaps in a sound exercise of judicial restraint and mindful that an intermediate appellate court is confined by the law that exists at the time of its decision. *See Niang v. Dryades YMCA School of Commerce, Inc.*, 19-0425, p. 11 (La.App. 4 Cir. 12/4/19), 286 So.3d 506, 513.

4

retroactive application of *Miller* – a defendant must necessarily be resentenced should the trial court determine they are parole eligible.

*Miller* is not an absolute mandate that juvenile homicide offenders must always receive parole eligibility, rather only "that 'a judge or jury must have the opportunity to consider' [a] defendant's youth and must have 'discretion to impose a different punishment' than life without parole." *Jones v. Mississippi*, 593 U.S. 98, 108, 141 S.Ct. 1307, 1316, 209 L.Ed.2d 390 (2021) (quoting *Miller*, 567 U.S. at 489, 567 U.S. at 465). Due consideration should thus be given to the State's countervailing interest in preserving life without parole sentences of capital offenders previously secured. *See* La. Const. art. V, § 26(B); La. C.Cr.P. art. 61; La. C.Cr.P. art. 381 (criminal prosecutions are brought in the name of the state for the purpose of punishing those who have violated the criminal law); *see also* La. C.Cr.P. art. 930.6(B) ("district attorney and the attorney general shall have the right to suspensively appeal any order granting post conviction relief"); *State v. Gleason*, 21-1788, p. 6 (La. 11/10/22), 349 So.3d 977, 981 ("state has an interest in preserving a presumptively valid conviction"). We therefore exercise our legislatively recognized discretionary power and allow the State to appeal this matter under La. C.Cr.P. art. 912(B). We emphasize this right to appeal is limited to trial court rulings on retroactive parole eligibility determinations and resentencing of juvenile homicide offenders resulting therefrom, i.e., *Montgomery* hearings as provided for under La. C.Cr.P. art. 878.1(B)(1).

### DECREE

For the foregoing reasons, the dismissal of the State's appeal is reversed, and the matter is remanded to the court of appeal for briefing, argument, and full opinion on the merits.

**REVERSED AND REMANDED TO THE COURT OF APPEAL**

# SUPREME COURT OF LOUISIANA

### No. 2025-OK-00024

### STATE OF LOUISIANA

### VS.

### DALE DWAYNE CRAIG

*On Writ of Certiorari to the Court of Appeal, First Circuit,*
*Parish of East Baton Rouge*


**WEIMER, C.J.**, dissenting.

Following a **Miller/Montgomery** hearing pursuant to La. C.Cr. P. art. 878.1, the district court resentenced defendant to life imprisonment with the possibility of parole.[1] The court of appeal dismissed the state's appeal of that ruling, finding the sentence imposed was legal under Article 878.1, and therefore not appealable under La. C.Cr.P. art. 912,[2] and was neither appealable nor otherwise reviewable under La.

---

[1] In **Miller v. Alabama**, 567 U.S. 460, 470 (2012), the United States Supreme Court determined that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment. The Supreme Court later held **Miller** was retroactive in **Montgomery v. Louisiana**, 577 U.S. 190 (2016). To implement **Miller**'s "meaningful opportunity to obtain release" for the relevant juvenile offenders, the legislature codified the **Miller/Montgomery** holdings in La.C.Cr.P. art. 878.1(B)(1) and La. R.S. 15:574.4(G). Under these provisions, the state was required to file notice that it intended to seek a life sentence without possibility of parole, and thereafter a hearing would be held to determine if the sentence should be imposed with or without parole eligibility.

Louisiana C.Cr.P. art. 878.1(B)(1) provides: "If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole." Louisiana R.S. 15:574.4(G) sets forth the conditions such an offender must meet to be eligible for parole.

[2] Louisiana C.Cr.P. art. 912 provides, in relevant part:

C.Cr.P. art. 881.2.[3] The majority of this court reverses that decision, concluding that Article 912(B) gives this court discretion to allow the state's appeal. Finding the state does not have a right based on the statutory language of Article 912, or Article 881.2, to appeal a legal sentence, I must respectfully dissent.

Article 912 addresses judgments or rulings that are appealable. Subsection B sets forth a list of final judgments from which the state may appeal. A judgment imposing a sentence is not listed. Although the list is admittedly non-exclusive, it is significant that Subsection C, setting forth the non-exclusive list of judgments or rulings from which the defendant may appeal, specifically includes "a judgment which imposes sentence."[4] A statute cannot be interpreted by review of select

---

(B) The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
(1) A motion to quash an indictment or any count thereof;
(2) A plea of time limitation;
(3) A plea of double jeopardy;
(4) A motion in arrest of judgment;
(5) A motion to change the venue;
(6) A motion to recuse; and
(7) Repealed by Acts 1968, No. 146, § 1.

C. The judgments or rulings from which the defendant may appeal include, but are not limited to:
(1) A judgment which imposes sentence;
(2) A ruling upon a motion by the state declaring the present insanity of the defendant; and
(3) Repealed by Acts 1968, No. 146, § 1.

[3] Louisiana C.Cr.P. art. 881.2(B) provides in relevant part:

The state may appeal or seek review of a sentence:
(1) If the sentence imposed was not in conformity with:
     (a) Mandatory requirements of the statute under which the defendant was convicted, or any other applicable mandatory sentence provision; or
     (b) The applicable enhancement provisions under the Habitual Offender Law, R.S. 15:529.1; and
(2) If the state objected at the time the sentence was imposed or made or filed a motion to reconsider sentence under this Article.

[4] Notably, Article 878.1 has been in effect for more than a decade, and despite enacting and amending a plethora of criminal justice reforms in the intervening years, the legislature has yet to explicitly grant the state a right to appeal a determination that a juvenile offender is deserving of a life sentence with the possibility of parole for a conviction of first or second degree murder. The legislature has provided the state a right to appeal in other settings. See, e.g., La.C.Cr.P. art. 930.6

2

portions of the statutory scheme, and the meaning and intent of a law must be determined by a consideration of the law in its entirety. **City of New Orleans v. Louisiana Assessors' Ret. & Relief Fund**, 05-2548, p. 22 (La. 10/1/07), 986 So.2d 1, 18. Reading the plain text of Article 912, and considering all of its subsections together, it is most logical to conclude that had the legislature intended for the state to be able to appeal a sentence, it would have specifically enumerated that reason in Subsection B, just as it did for defendants in Subsection C. Thus, I find Article 912 cannot be read as broadly as the majority does to grant the state a right to appeal.

Additionally, Article 881.2 specifically addresses when a defendant or the state can seek review of a sentence. Article 881.2 provides in relevant part that the state can appeal or seek review of a sentence only if two conditions are met: 1) the sentence was "not in conformity with" any mandatory conditions of the statute under which defendant was convicted or was otherwise sentenced; and 2) the state objected at the time or filed a motion to reconsider on this basis.[5] Article 881.2 is not triggered under the facts of this case because there is no doubt that defendant was resentenced "in conformity with" the mandatory minimum sentence prescribed by Article 878.1 (i.e., Article 878.1 explicitly authorizes a sentence of life with possibility of parole). Thus, I find no right to appeal exists under Article 881.2 in this case.

Although I find the state has no right to appeal the judgment imposing a legal sentence, I also recognize the court of appeal has constitutional authority to exercise supervisory jurisdiction to review the trial court's ruling. La. Const. art. V, § 10(A) (a court of appeal "has supervisory jurisdiction over cases which arise within its

_____

("The district attorney and the attorney general shall have a right to suspensively appeal any order granting post conviction relief."); La.C.Cr.P. art. 821(D) ("If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by invoking the supervisory jurisdiction of or by appealing to the appropriate appellate court.").

[5] There is no dispute the state objected.

circuit"). In dismissing the state's appeal, and declining to convert the state's appeal to a writ, the court of appeal reasoned that because Article 881.2 provides the state "may appeal or seek review" of an *illegal* sentence, the state has no right to appeal *or seek review* under Article 881.2 of a *legal* sentence. A court of appeal cannot be divested of its constitutional authority by way of Article 881.2. Nevertheless, the legislature can limit the parameters of reviewable issues by reasonable procedural formalities, rules, and requirements. See, e.g., **State v. Marcell**, 320 So.2d 195, 198 (La. 1975). The exercise of supervisory jurisdiction and the decision to convert an appeal into a supervisory writ are completely within the discretion of the court of appeal. See **Stelluto v. Stelluto**, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39. A court of appeal can certainly decline to exercise its supervisory jurisdiction on the basis of a legislatively imposed procedural bar or rule. These distinctions are somewhat academic in this case, as the ultimate outcome would likely have been the same. Based on the court of appeal's rationale that the sentence was "in conformity with" the relevant mandatory sentencing statute and that Article 881.2(B), therefore, precluded review of the sentence, the court of appeal would have presumably denied a state writ application on that same basis. The state would still have filed a writ application in this court.

Ultimately, this court did grant the state's writ application and the matter is before the court with a complete record, after having been fully briefed and orally argued by the parties. Thus, I must respectfully disagree with the majority's decision to remand this matter to the court of appeal for briefing, argument, and an opinion. The supervisory authority of this court is plenary, unfettered by jurisdictional requirements, and exercisable at the complete discretion of the court. See La. Const. art. V, § 5 (A); **Marionneaux v. Hines**, 05-1191, p. 4 (La. 5/12/05), 902 So.2d 373,

4

Although this court should not exercise its supervisory jurisdiction lightly, judicial efficiency, economy, and effectiveness demands that *this* court resolve this matter at this time. See, e.g., **Westlawn Cemeteries, L.L.C. v. Louisiana Cemetery Bd.**, 21-01414, p. 3 (La. 3/25/22), 339 So.3d 548, 553 (finding exercise of supervisory jurisdiction avoided further delay and in was in interest of judicial economy); **Mayeux v. Charlet**, 16-1463, p. 7 (La. 10/28/16), 203 So.3d 1030, 1035 ("Because resolution of this issue would greatly aid the parties and the courts as well as avoid further delay[,] ... we find it appropriate pursuant to our supervisory authority to now resolve this question of law."); **Louisiana Associated Gen. Contractors, Inc. v. New Orleans Aviation Bd.**, 99-0025, p. 3 (La. 7/7/99), 764 So.2d 31, 33 (granted writs in order to avoid further delay in the disposition of the matter that had previously been remanded to the trial court); **State v. Peacock**, 461 So.2d 1040, 1041 (La. 1984) ("since this case has already been briefed and argued in this court, judicial economy will best be served by exercising our supervisory jurisdiction"). While the benefit of the wisdom of the appellate courts is undeniably helpful, ultimately it is the obligation of this court to write the final chapter in the resolution of this matter. Exercising our plenary authority would serve the interest of judicial economy by disposing of a matter already briefed and argued before this court. On balance, it would be best in this matter not to remand to the appellate court as review of the substantive underlying issues will inevitably be sought in this court. The time has come to finally resolve all of the issues this case presents without further delay. I very respectfully dissent.

# SUPREME COURT OF LOUISIANA

## No. 2025-OK-00024

## STATE OF LOUISIANA

## VS.

## DALE DWAYNE CRAIG

On Writ of Certiorari to the Court of Appeal, First Circuit,
Parish of East Baton Rouge

**CRAIN, J.**, concurring.

I concur for the reasons assigned by Justice Cole.

# SUPREME COURT OF LOUISIANA

## No. 2025-OK-00024

## STATE OF LOUISIANA

## VS.

## DALE DWAYNE CRAIG

### On Writ of Certiorari to the Court of Appeal, First Circuit, Parish of East Baton Rouge

**COLE, J., additionally concurs and assigns reasons.**

I agree with the majority. I write separately to highlight the standards by which a court should evaluate the evidence presented during a hearing conducted under La. C.Cr.P. article 878.1.

In *Jones v. Mississippi*, 593 U.S. 98 (2021), the Supreme Court clarified its holdings in *Miller* and *Montgomery*. Before *Jones*, courts often read *Miller* and *Montgomery* to impose a requirement that juveniles must be found incorrigible before they can be resentenced to life without parole. *Jones* made clear those cases **never** imposed such a requirement. 593 U.S. at 105 ("[A] separate factual finding of permanent incorrigibility is not required.").[1] *Jones* holds that as long as the sentencer has **discretion** to consider the offender's youth and related mitigating factors, the Eighth Amendment is satisfied. *Id.* at 120 ("Under our precedents, this Court's more limited role is to safeguard the limits imposed by the Cruel and Unusual Punishments

---

[1] The Court explained:

> Jones's argument that the sentencer must make a finding of permanent incorrigibility is inconsistent with the Court's precedents. In *Miller*, the Court mandated "only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing" a life-without-parole sentence. And in *Montgomery* v. *Louisiana*, which held that *Miller* applies retroactively on collateral review, the Court flatly stated that "*Miller* did not impose a formal factfinding requirement" and added that "a finding of fact regarding a child's incorrigibility . . . is not required." In light of that explicit language in the Court's prior decisions, we must reject Jones's argument.

*Id.* at 101 (citations omitted).

Clause of the Eighth Amendment. The Court's precedents require a discretionary sentencing procedure in a case of this kind.").

Louisiana's resentencing guidelines generally follow the *Jones* requirement of a discretionary determination made by the trial court. The guidelines are provided in La. C.Cr.P. art. 878.1, which provides, in pertinent part:

> C. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. . . .

> D. The sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility. The court shall state for the record the considerations taken into account and the factual basis for its determination. Sentences imposed without parole eligibility and determinations that an offender is not entitled to parole eligibility should normally be reserved for the worst offenders and the worst cases.

La. C.Cr.P. art. 878.1.

In giving reasons for imposing a sentence of life with parole, the trial court in this case concluded:

> This Court must ask the very difficult but essential question of whether this Defendant is among the rarest of Juvenile Offenders, those whose crimes reflect permanent incorrigibility. This is not such a juvenile. This is not such a case.

As made clear by the Supreme Court in *Jones*, which was decided several years before the trial court ruled in this defendant's article 878.1 hearing, incorrigibility is ***not*** a required finding in the Constitutional context, and as seen above in the plain text of article 878.1, is likewise not required by Louisiana's statutory regime. The trial court's focus on incorrigibility was therefore error.

I also write separately to note that, while article 878.1 is worded to permit a trial court to consider "***any*** aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender" (emphasis added), it is my view that a resentencing court should give paramount consideration to the information

2

considered by the trier of fact when the original sentence was rendered. That is the best evidence of the "charged offense" available, and the original conviction and sentence necessarily takes into account any mitigating and aggravating factors that may reflect on the "character of the offender." *See generally State v. Williams*, 03-3514, p.15 (La. 12/13/04), 893 So. 2d 7, 17 ("[A]n appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion."); *State v. Thompson*, 15-0886, p.29 (La. 9/18/17), 233 So. 3d 529, 548 (noting the high level of deference given to "the jury's obvious assessment of credibility and weighing of the evidence"); *State v. Frank*, 99-0553 (La. 5/22/07); 957 So. 2d 724, 743 (noting the deference given to the "good sensibility and fairmindedness of juries").

In *Adams v. Alabama*, Justice Alito expressed his view that "[i]n cases in which a juvenile offender was originally sentenced to death after the sentencer considered but rejected youth as a mitigating factor, courts are free on remand to evaluate whether any further individualized consideration is required." 578 U.S. 994, 136 S.Ct. 1796, 1799 (2016) (Alito, J., concurring). Under Louisiana law, a jury considering whether to impose a death sentence is required to consider the relative "youth of the offender at the time of the offense" and the "capacity of the offender to appreciate the criminality of his conduct." La. C.Cr.P. art. 905.5. In this case, the trial jury was required by law to consider mitigating factors concerning this offender that are exceedingly similar to those under art. 878.1, and it nonetheless unanimously decided that this serious offense warranted the imposition of the state's utmost penalty.[2]

---

[2] This Court found the record in this case contained sufficient facts to warrant imposition of the death penalty and "[did] not suggest that defendant's sentence was the result of passion, prejudice or any other arbitrary factors." *State v. Craig*, 95-2499, p.15 (La. 5/20/97), 699 So. 2d 865, 874. This Court also found the sentence was not constitutionally disproportionate to the offense. *Id.*, 95-2499, p.19, 699 So. 2d at 875.

La. C.Cr.P. art. 878.1(C) states: "The admissibility of expert witness testimony in these matters shall be governed by Chapter 7 of the Code of Evidence." Furthermore, it is well established that "[a] finder of fact may not consider evidence outside the record in making its findings." *Caruso v. Chalmette Ref., LLC*, 16-1117 (La. App. 4 Cir. 6/28/17), 222 So. 3d 859, 866. In this matter, the trial court's reasons state that defendant's "unstable home life, exposure to drugs and alcohol, and unaddressed educational needs contributed to his emotional immaturity and poor mental health." Pretermitting whether that could provide a sufficient basis for relief under the facts of this case, on appeal there should also be an evaluation of whether there is sufficient evidence to support those findings. This Court has previously recognized that drugs and alcohol played no part in the defendant's actions in this carjacking, kidnapping, and execution style murder of a student. *See State v. Craig*, 95-2499 (La. 5/20/1997), 699 So. 2d 865, 873 (holding there was "no evidence to suggest that defendant was under the influence of drugs or alcohol at the time of the offense").

A finding of incorrigibility is not required by either the Eighth Amendment,[3] or by the Louisiana statutory resentencing guidelines. To properly consider the "charged offense or the character of the offender," any resentencing hearing conducted under article 878.1 must carefully consider the original sentence imposed by the jury—which had the best view of the totality of evidence concerning the crime and all aggravating or mitigating factors.

---

[3] *See Jones,* 593 U.S. at 104-105 (the Court recognizing it has "unequivocally stated that a separate factual finding of permanent incorrigibility is not required")

4